**Stuart A. MIDDLETON, Plaintiff–Appellant,**

v.

**Michael S. HAMDEN; Richard E. Giroux; Theodis Beck; James B. French, Defendants–Appellees.**

**No. 02–6207.**

United States Court of Appeals, Fourth Circuit.

Submitted April 25, 2002.

Decided May 8, 2002.

Stuart A. Middleton, Appellant Pro Se.

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished PER CURIAM opinion.

PER CURIAM.

Stuart Middleton seeks to appeal the district court's order dismissing as frivolous his 42 U.S.C.A. § 1983 (West Supp. 2001) complaint. We dismiss the appeal for lack of jurisdiction because Middleton's notice of appeal was not timely filed.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, *see* Fed. R.App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R.App. P. 4(a)(5) or reopens the appeal period under Fed. R.App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Brow-*

der v. Director, Dep't of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)).

The district court's order was entered on the docket on December 21, 2001. Middleton's notice of appeal was filed on January 25, 2002.* Because Middleton failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. *See* Fed. R.App. P. 4(c); *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).